AVERY, RESPONDENT, *v.* WALL, APPELLANT.

(No. 2,654.)

(Submitted April 10, 1909. Decided April 24, 1909.)

[101 Pac. 249.]

*Sales—Pleading and Proof—Variance.*

1. The complaint alleged that plaintiff had sold and delivered to defendant 2,000 shares of the capital stock of a mining company for a named sum. The proof showed that a block of 9,500 shares, including that of plaintiff and others, had been placed in the hands of one R. for sale and sold to defendant, but that plaintiff's stock had been returned by the latter to R. with the request to hold it for him (defendant) for a short time, when he would take the stock and pay for it, which he failed to do. *Held,* that by returning plaintiff's stock to R. there was such a severance from the block sold to defendant in the first instance, as to permit plaintiff to recover on the promise of defendant to pay for it, and that the claim that there was a variance between the allegations of the complaint and the proof had no merit.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by A. W. Avery against Patrick Wall. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Mr. M. S. Gunn, Mr. Chas. R. Leonard,* and *Messrs. Lamb & Walker,* for Appellant.

Where the complaint alleges an indebtedness for stock sold by the plaintiff to a defendant, and the evidence shows the stock was sold by plaintiff and others to the defendant, such proof does not authorize a judgment for plaintiff against such defendant, since it does not support the cause of action set up by the plaintiff. An allegation that a contract was made with five, who are plaintiffs, is not supported by proof of a contract made with three, and the variance is fatal as a ground of nonsuit. (*Murray* v. *Davis,* 51 N. C. 341; 9 Cyc. 748, 750, 751.) A plaintiff can recover only on a cause of action alleged and proved. (*Latrobe Steel etc. Co.* v. *Shlones,*

129 Ill. App. 215; *Henry County* v. *Citizens' Bank*, 208 Mo. 209, 106 S. W. 622, 14 L. R. A., n. s., 1052; *Henry County* v. *Farmers' Bank*, 208 Mo. 238, 106 S. W. 630; *Epstein* v. *Cohen*, 56 Misc. Rep. 579, 107 N. Y. Supp. 148; *Abromovitz* v. *Markowitz*, 58 Misc. Rep. 231, 108 N. Y. Supp. 1044.) Facts proven, but not alleged, cannot form the basis of recovery. (*Smith* v. *First Nat. Bank*, 43 Tex. Civ. App. 495, 95 S. W. 1111.) There can be no recovery on a cause of action, however meritorious, or however satisfactorily proven, if it is in substance variant from that pleaded by the plaintiff. (*Louisville Ry.* v. *Guyton*, 47 Fla. 188, 36 South. 84; *Hinote* v. *Brigman*, 44 Fla. 589, 33 South. 303.) A party cannot sue upon one cause of action and recover on another. (*York* v. *Farmers' Bank*, 105 Mo. App. 127, 79 S. W. 968.) A judgment based on evidence not admissible under pleadings is erroneous. (*Western Union Tel. Co.* v. *Byrd*, 34 Tex. Civ. App. 594, 79 S. W. 40.)

*Messrs. McBride & McBride*, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action alleges that on or about January 1, 1907, the plaintiff sold and delivered to Patrick Wall, the defendant, 2,000 shares of the capital stock of the Butte Milling Company for the agreed price of $2,000, which sum the defendant promised to pay, but has failed to do so. The answer admits that no part of the purchase price has been paid, and denies each and every other allegation of the complaint. The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered upon the verdict, and from an order denying him a new trial, the defendant appeals.

The specifications of error relate to the action of the court in (1) denying defendant's motion for a new trial; (2) giving instruction No. 4; (3) refusing defendant a new trial; and (4) rendering judgment in favor of the plaintiff. In their brief

counsel for appellant say: ''The above specifications of error will all be considered together, as they are all predicated upon a violation of the same proposition of law, namely: That in order to enable a plaintiff to recover, or a defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the *onus probandi* must not vary from what he has previously alleged in his pleading. (22 Ency. of Pl. & Pr. 527.)   The appellant contends that this rule of law has been violated in this case in the particulars pointed out in the specifications of error *in this:* That the plaintiff in his complaint alleges as the basis of his cause of action a contract made and entered into between the defendant and himself; whereas his proof shows another and different contract between himself, Judge Brantly, John, Nesbit, and Albert Rochester, and Messrs. Manuel and Tuscherer, as parties of one part, and the defendant, as the party of the other part.''

The evidence discloses that the Rochester brothers had induced certain of their friends to purchase shares of stock in the Butte Milling Company; that dissatisfaction arose over the management of the company's property; that the Rochester brothers desired to dispose of their stock, and also desired to assist their friends in disposing of the stock belonging to them. It appears that Nesbit Rochester, John Rochester, and Albert Rochester each owned 2,000 shares, Avery 2,000 shares, Manuel 500 shares, Tuscherer 500 shares, and Judge Brantly 500 shares; that Nesbit and John Rochester, acting for themselves and as agents for the others, sold the 9,500 shares mentioned above to Wall; that Tuscherer concluded to retain his stock, and it was returned to him; that the certificates representing the other 9,000 shares, including the 2,000 belonging to Avery, were delivered by John Rochester to Wall; that Wall first paid $6,000 on the purchase price, and a few days later paid another $1,000, and then returned to Rochester the certificate representing the 2,000 shares belonging to Avery, and requested Rochester to hold the same for him (Wall) for a few days until he could get the balance of the money, and he would then take the stock;

that Rochester kept the certificate for Wall, who neglected to pay for the same.

While the evidence shows a sale in the first instance of a block of 9,500 shares of the stock, it also shows a modification of that contract. Tuscherer's stock was withdrawn, and after there had been a delivery of Avery's stock it was placed with John Rochester to be kept for Wall, under an agreement that Wall would take that particular stock and pay for it in a few days. By this agreement there would seem to have been such a severance of Avery's stock from the other stock as to permit him to recover on the promise of Wall to pay for his particular stock. When the Avery stock was returned to Rochester it was held for Wall, and in contemplation of law was still in the possession of Wall, and his receipt of the stock, coupled with his promise to pay for it, constituted the contract for the breach of which Avery has sued. The evidence shows that Avery did not have any interest in any of the other stock sold; nor had anyone else any interest in his stock. The contention of the appellant, as stated above, does not seem to be well founded.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being disqualified, takes no part in the foregoing decision.